THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN BILAL,<br><br>              Plaintiff,<br><br>   v.<br><br>SEATTLE SCHOOL DISTRICT NO. 1,<br><br>              Defendant. | CASE NO. C12-1470-JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff Carolyn Bilal has worked for Defendant Seattle School District ("the School District") in several capacities since first receiving her Washington teaching credential in 1984. (Dkt. No. 9 at 5.) Most recently she was employed as a career specialist from October 2000 until January 2007. (*Id.* at 5–6.) In January 2007, the School District terminated her employment for providing false information about her identity and qualifications. (*Id.* at 3.) The School District then notified Defendant Office of Superintendent of Public Instruction ("OSPI") about Ms.

Bilal's termination. (*Id.*) OSPI began an investigation, ultimately issuing a Final Order of Revocation of Ms. Bilal's teaching certification in December 2009. (*Id.* at 7.) Ms. Bilal appealed the administrative decision, but the state superior court dismissed the appeal as untimely and the state court of appeals affirmed. *See Bilal v. State Office of Superintendent of Pub. Schools*, No. 66074-8-I, 2011 WL 4717442 (Wash. Ct. App. Oct. 10, 2011) (unpublished).

At some point after her dismissal, Ms. Bilal filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"). (Dkt. No. 42 at 42.) The EEOC issued a Dismissal and Notice of Rights on November 30, 2007, informing Ms. Bilal that any lawsuit based on federal law needed to be filed in federal or state court within ninety days. (*Id.*)

On January 27, 2010, Ms. Bilal filed suit in King County Superior Court naming the School District as the defendant. (*Id.* at 4.) Her complaint alleged retaliation, wrongful termination, violation of her due-process rights, and defamation. (*Id.* at 5–6.) In a motion for leave to amend the complaint, she expanded on these allegations and attempted to add claims of religious discrimination, racial discrimination, and wrongful revocation of her education license. (*Id.* at 10–11, 18.) The state court denied leave to amend the complaint and granted summary judgment. (*Id.* at 56–57.) Ms. Bilal did not appeal. *See Bilal v. Casey*, Nos. 67900-7-I, 67800-1-I, 173 Wash.App. 1034, at *1 (Wash. Ct. App. Mar. 4, 2013) (unpublished).

On June 6, 2011, Ms. Bilal filed suit in King County Superior Court naming Dr. Barbara Casey as the defendant. (Dkt. No. 68 at 5.) This suit alleged libel and defamation based on statements Dr. Casey made to the School District and OSPI during the course of their investigations. (*Id.* at 8–9.) On September 23, 2011, the state court concluded that the suit was invalid under Washington law as a suit against public participation and granted Dr. Casey's motion to strike claims and for statutory damages, attorney fees, and costs. (*Id.* at 103.) Ms. Bilal appealed that decision, and the Washington Court of Appeals affirmed. *See Bilal v. Casey*, Nos. 67900-7-I, 67800-1-I, 173 Wash.App. 1034, at *1 (Wash. Ct. App. Mar. 4, 2013) (unpublished). The Washington Supreme Court denied Ms. Bilal's motion to file a late petition for review of

ORDER GRANTING SUMMARY JUDGMENT
PAGE - 2

this decision on August 6th, 2013. (Dkt. No. 68 at 120.)

On August 29, 2012, Ms. Bilal filed this suit in federal court. (Dkt. No. 4.) Her amended complaint alleges both federal and state claims, including failure to accommodate her religion, equal protection violations, conspiracy, wrongful termination, abuse of process, violation of her right to privacy, and defamation. (Dkt. No. 9 at 7–14.)

## II.   DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmovant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

When ruling on a motion to dismiss, "a court may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state-court opinion and briefs for purposes of determining preclusive effect of state proceeding). Although Plaintiff makes some references to the admissibility of exhibits, *see e.g.*, (Dkt. No. 78 at 2–3; Dkt. No. 86 at 6–7), there appears to be no dispute that this Court may rely on state-court filings and judgments and there is no suggestion that the court documents provided by Defendant are incorrect.

### A.   Res Judicata

The doctrine of *res judicata* ensures the finality of judgments by preventing parties from litigating a matter that has been or could have been litigated. *See Marino Prop. Co. v. Port Comm'rs of the Port of Seattle*, 644 P.2d 1181, 1184–85 (Wash. 1982). In determining whether

the doctrine bars this suit, we look to the *res judicata* rules of the state from which the judgment is taken. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (full faith and credit statute dictates that states determine the preclusive effect of their judgments). Under Washington law, dismissal on the basis of *res judicata* is appropriate when a prior judgment is identical in four respects with a subsequent action: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 674 P.2d 165, 168 (Wash. 1983) (en banc).

Here, the judgment against Ms. Bilal in state court shares all four identities with this federal action.[1] The parties and their quality are the same because both actions are between Ms. Bilal and the School District. The subject matter is the same because both cases concern the School District's termination of Ms. Bilal's employment, the reasons for that termination, and the School District's involvement in the subsequent revocation of her teaching license. The question, then, is whether the two actions share a "cause of action."

Whether the causes of action are identical "cannot be determined precisely by mechanistic application of a simple test." *Rains*, 674 P.2d at 168 (quoting *Abramson v. University of Hawaii*, 594 F.2d 202, 206 (9th Cir. 1979)). Instead, a court evaluates the following factors:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982) *cert. denied*, 459 U.S. 1087 (1982)); *accord Sewer Alert Comm. v. Pierce County*, 791 F.2d 796, 798–99 (9th Cir. 1986) (applying Washington law on *res judicata*). All four factors suggest that the

---

[1] Ms. Bilal brought two state-court actions—the first naming the School District as the defendant and the other naming Dr. Casey. Because the Court concludes that the first suit bars this action, it does not consider whether the second action might also do so.

ORDER GRANTING SUMMARY JUDGMENT
PAGE - 4

causes of action are identical.

First, Defendant has an interest in the finality and reliability of the state-court judgment, which would be impaired by allowing relitigation in federal court. Further, that prior judgment was based on the state court's consideration of the same evidence that this court would need to consider, including Ms. Bilal's initial grievance review request (Dkt. No. 42 at 26, 57.), correspondence sent to Ms. Bilal regarding her schedule and a potential religious accommodation (*Id.* at 30, 57.), and emails among school-district employees concerning Ms. Bilal's grievance and termination (*Id.* at 32–36, 57.).

The two actions also involve alleged infringements on the same rights. Nearly all the claims against the School District in this action are essentially identical to allegations that Ms. Bilal identified in state court, including failure to accommodate her religion (*compare* Dkt. No. 9 at 8 *with* Dkt. No. 42 at 2–3), disparate treatment (*compare* Dkt. No. 9 at 8–9 *with* Dkt. No. 42 at 10–11), a conspiracy to spread misinformation and "get rid" of her (*compare* Dkt. No. 9 at 8 *with* Dkt. No. 42 at 10), wrongful termination (*compare* Dkt. No. 9 at 10–11 *with* Dkt. No. 42 at 10), violation of her right to privacy (*compare* Dkt. No. 9 at 12–13 *with* Dkt. No. 42 at 10), and defamation (*compare* Dkt. No. 9 at 13–14 *with* Dkt. No. 42 at 6, 10).

Finally, the Court considers whether the suits arise from the same transactional nucleus of facts, an analysis that one Washington court suggests is a pragmatic inquiry. *See Sound Built Homes, Inc. v. Windermere Real Estate/South, Inc.*, 72 P.3d 788, 795 (Wash.App. 2003) (discussing Restatement (Second) of Judgments § 24 cmts. a–b). Although Ms. Bilal's federal complaint contains more detail than she provided in state court, she has merely elaborated upon the same facts and circumstances she described in state court. Her allegations in both courts arise from the events leading up to her termination and subsequent license revocation.

Ms. Bilal counters with several arguments, none that have merit. First she argues that the case was dismissed on procedural grounds. (Dkt. No. 76 at 6.) But a grant of summary judgment is a final order that has preclusive effect. *Cf. In re Estate of Jones*, 287 P.3d 610, 605 (Wash. Ct.

1  App. 2012) (denial of summary judgment has no preclusive effect because it does not end
2  proceedings).
3        She then argues that the full faith and credit statute does not apply to state administrative
4  decisions that have not been judicially reviewed by state courts. (Dkt. No. 76 at 7.) But the Court
5  is not examining the preclusive effect of an administrative decision. The issue at hand is the
6  preclusive effect of the Order Granting Defendant's Motion for Summary Judgment in *Carolyn*
7  *Bilal v. Seattle School District*, King County Superior Court Case No. 10-2-04854-5 (Apr. 22,
8  2011).
9        Ms. Bilal also argues that any claims under Title VII were within the exclusive
10 jurisdiction of the federal court so could not have been brought in state court. (Dkt. No. 76 at 12.)
11 This is an incorrect statement of the law: federal courts do not have exclusive jurisdiction over
12 Title VII claims. *See Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) ("We
13 have no reason to question the presumption that state courts are just as able as federal courts to
14 adjudicate Title VII claims."). Contrary to Ms. Bilal's assertion (Dkt. No. 86 at 2.), the Supreme
15 Court's 1990 decision in *Yellow Freight* is not undermined by *Valenzuela v. Kraft*, 739 F.2d 434
16 (9th Cir. 1984), a Ninth Circuit case decided six years earlier. Indeed, the Ninth Circuit has
17 concluded that the doctrine of *res judicata* bars Title VII claims, including discriminatory
18 termination and wrongful retaliation, when a previous state-court action based on the same
19 termination involved claims of wrongful termination and state-law breach-of-contract claims.
20 *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).
21       That Ms. Bilal is attempting to relitigate a previously decided case is highlighted by her
22 repeated arguments that the evidence presented to and decisions of the state court were simply
23 incorrect. *See, e.g.*, Dkt. No. 9 at 3 ¶12 ("All the allegations SPS submitted to OSPI… were and
24 are untrue…."); Dkt. No. 9 at 4 ¶15 ("The 2010 OSPI revocation proceedings record does not
25 demonstrate 'clear and convincing' evidence to support revocation of Ms. Bilal's credentials.");
26 Dkt. No. 76 at 12 ("Bilal v SSD should not have been dismissal [sic] with prejudice ...."); Dkt.

No. 86 at 3 ("The trial court erred by summarily dismissing Plaintiff's retaliation and negligence claims…."). This attempt to relitigate a case's merits is precisely the sort of situation barred by the doctrine of *res judicata*.

Because this action may be disposed of on *res judicata* grounds, the Court does not address the other grounds for dismissal, including the fact that most of the claims were brought outside the relevant statutes of limitations.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 66) is GRANTED.

DATED this 22nd day of October 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE